# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICKY D. FOX** | : | **DOCKET NO. 2:06-cv-135** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **BILLY RAY VICE, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Currently before the court are several motions for summary and a motion to remand or to continue the trial date. This matter is currently set for trial on November 13, 2007 before the undersigned.

## FACTS and PROCEDURAL HISTORY

Plaintiff, Ricky Fox, originally filed this civil action against Billy Ray Vice, Arthur Phillips[1], Troy Cary, and the Town of Vinton in the 14th Judicial District Court for the State of Louisiana, Calcasieu Parish. In his complaint, he alleges that these defendants conspired to violate Fox's constitutional rights and to commit criminal and tortious acts against Fox in order to prevent Fox from running for Chief of Police in the Town of Vinton. Fox alleges that at all times pertinent to his claims, Vice was the Chief of Police for the Town of Vinton and that in January, 2005, Vice authored an anonymous letter to Fox, threatening to take certain action against him if he ran for the position of Chief of Police. Fox further alleges that the defendants conspired to orchestrate a confrontation between Fox and a citizen of the Town of Vinton wherein Fox was falsely accused of

---

[1] Arthur Phillips was terminated from this civil action on May 16, 2007. *See* Doc. 39.

making a racial slur.

Based on the allegations of constitutional rights violations, this case was removed to federal court by Notice of Removal dated January 25, 2006.

While this civil action was pending, Vice was indicted on a charge of extortion by the Calcasieu Parish District Attorney's Office. *See* doc. 33, exhibit 2. He was convicted of this offense on April 13, 2007. *Id.*, exhibit 3. Following this conviction, Fox moved for summary judgment against Vice and the Town of Vinton on the extortion claim. In support of this motion, Fox relied on Vice's criminal conviction. *See* doc. 33. Vice appealed the conviction to the Third Circuit Court of Appeals, where the appeal remains pending. The defendants filed opposition to this motion, arguing that Vice's conviction is not final and that the Town of Vinton could not be vicariously liable for Vice's act of extortion. *See* doc. 64. Fox replied to their opposition by withdrawing the motion as to the Town of Vinton and by seeking to have the motion held in abeyance with respect to Vice pending the outcome of Vice's criminal appeal. *See* doc. 66.

On June 29, 2007, Shelter Mutual Insurance Company, issuer of the homeowner's insurance policy issued to Billy R. and Judy A. Vice, filed an unopposed Motion to Intervene as a defendant in this matter. *See* Doc. 51. Following its intervention, Shelter filed a Motion for Summary Judgment, claiming that its insurance policy issued to Vice provides no coverage for the damages alleged by plaintiff. *See* doc. 67.

The other defendants have also filed Motions for Summary Judgment. *See* Docs. 71, 72, and 75. In response to these motions for summary judgment, Fox has filed a response wherein he concedes that there is no basis for finding that the defendants violated his constitutional rights. Thus, he states that he does not oppose the granting of the motions with respect to the federal claims. *See*

doc. 77. Fox has also filed a Motion to Remand or Continue the Trial wherein he anticipates the dismissal of the federal claims and seeks to have the remaining state law issues remanded to the state court. *See* doc. 85. Alternatively, Fox seeks to continue the trial pending the outcome of Vice's criminal appeal. In response to Fox's suggestion that this case be remanded to state court following the dismissal of all federal claims, the defendants argue that this court should exercise supplemental jurisdiction over the state law claims and find that as a matter of law Fox's state tort claims should be dismissed.

## LAW AND ANALYSIS

This matter was removed to federal court on the basis of federal question jurisdiction. The plaintiff now admits that there is no basis for a constitutional claim and concedes that all federal claims should be dismissed. Accordingly, the undersigned finds that the issue before the court is whether to exercise supplemental jurisdiction over the remaining state law tort claims of extortion, intentional infliction of emotional distress, and defamation, as well as the state contract claim brought by Shelter regarding insurance coverage.

In a recent case, the Fifth Circuit held that "[a]s a general rule, a federal court should decline to exercise jurisdiction over pendent state claims when all federal claims are disposed of prior to trial." *Brim v. ExxonMobil Pipeline Co.,* 213 Fed.Appx. 303, 305, 2007 WL 62866,*1 (5th Cir. 2007), citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir.1992). However, this general rule is neither absolute nor mandatory, so the district court must determine whether or not to exercise supplemental jurisdiction over the remaining state law claims by considering "the statutory provisions of 28 U.S.C. § 1367(c) and the relevant factors of judicial

economy, convenience, fairness, and comity." *Brim, supra*.; *City of Chicago v. Int'Coll. of Surgeons*, 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997); *see also Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

Under § 1367(c), a district court may decline to exercise supplemental jurisdiction if (1) a claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; and (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In this case, § 1367(c)(3) clearly applies because, by agreement of all parties, the federal claims are to be dismissed on summary judgment. The dismissal of all federal claims prior to trial supports a decision by the court to decline to exercise supplemental jurisdiction over the remaining state law claims.

Additionally, the court finds that the considerations of judicial economy and fairness also weigh in favor of declining supplemental jurisdiction over the state law claims. At this time, the parties are approximately one and half years into the litigation and one month remains until the trial date. However, the plaintiff has requested a continuance of the trial date due to the pending criminal appeal. In light of plaintiff's reliance on the criminal conviction to support his request for civil damages, this request seems reasonable. Thus, even if this court were to exercise supplemental jurisdiction over the remaining state law claims, the trial date would likely change. Moreover, due to the extensions of time which the parties sought and obtained for briefing the issues, the motions were just recently submitted for judicial consideration. Accordingly, the court has had minimal involvement with the state law claims at this stage. Any trial preparation, legal research, and

discovery may be used by the parties in the state court proceedings.

For these reasons, the federal claims against the defendants are dismissed with prejudice. The court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the trial date is hereby upset, and this case is remanded to the state court for consideration of the remaining state law claims.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 16, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE