UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RICKY D. FOX | : | DOCKET NO. 2:06-cv-135 |
| VS. | : | MAGISTRATE JUDGE KAY |
| BILLY RAY VICE, ARTHUR PHILLIPS, TROY CARY, AND THE TOWN OF VINTON. | : | |

## MEMORANDUM RULING

Currently before the court is defendants' Motion for Attorney's Fees and Costs [Doc. 107].[1] Specifically, defendants, Town of Vinton, Arthur Phillips, Troy Cary, and Billy Ray Vice seek to recover attorney's fees and costs associated with their defense against plaintiff's civil rights claims. Defendants bring this action pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. Proc. 54. Defendants allege that they are entitled to attorney's fees as prevailing parties with regard to plaintiff's 42 U.S.C. § 1983 claims. For the reasons stated herein, and with the connected limitations, defendants' Motion for Attorney's Fees is GRANTED IN PART and DENIED IN PART.

*Factual and Procedural Background*

Plaintiff's original complaint arose from two incidents alleged to have occurred in the Town of Vinton. According to plaintiff's allegations, in January of 2005 Billy Ray Vice, then police chief of the Town of Vinton, sent an anonymous letter to plaintiff threatening to take certain actions against him if he ran for the police chief position. Doc. 1, ¶ 8. Plaintiff alleged

---

[1] Pursuant to provisions of 28 U.S.C. § 636(c) and Fed. R. of Civ. Proc. 73, the parties in this case consented to adjudication before a Federal Magistrate and it was so ordered by Judge Patricia Minaldi on May 11, 2006. Doc. 20.

that this anonymous letter was written and printed by Mr. Vice at the police department. *Id.* Additionally, plaintiff alleged that on February 7, 2005, Arthur Phillips, Billy Ray Vice, and Troy Cary conspired, directed, and orchestrated a confrontation in which Joe Budwine, a private citizen, falsely accused plaintiff of making a racial slur. *Id.* ¶ 9. Plaintiff alleged that in furtherance of this conspiracy, Arthur Phillips picked up Joe Budwine in a Town of Vinton Police Car, took him to the police station, and had him file a formal complaint against petitioner under the direction of Troy Cary and Billy Ray Vice. *Id.* ¶¶ 10, 11. According to plaintiff's allegations, this report was caused to be shown to third persons. *Id.* ¶ 12.

Plaintiff filed his complaint in the 14th Judicial District of the State of Louisiana seeking damages for a violation of his civil rights under 42 U.S.C. § 1983 and under state tort law. *Id.* ¶ 14. Plaintiff alleged that the actions of Billy Ray Vice, Arthur Phillips, and Troy Cary, as police officers for the Town of Vinton,[2] constituted a gross abuse of power made possible by the titles conferred on them by the Town. *Id.* In the Complaint, plaintiff asserted that:

> The rights privileges and immunities afforded petitioner by our Constitution and laws that were violated include but are not limited to the following:
> a) the right to seek public office;
> b) the right to be free from extortion;
> c) the right to be protected by unlawful interference by police;
> d) the right to be protected by malicious abuse of process;
> e) the right to not be slandered/ defamed;
> f) the right to Due Process;
> g) the right to not be subjected to abuse of power; and
> h) other violations to be proven at the trial of this matter.

---

[2] Plaintiff alleged that the Town of Vinton wasvicariously liable for the actions of the police officers and directly liable under 42 U.S.C. § 1983. Doc. 1, ¶ 14.

*Id.* ¶16. Plaintiff further asserted, "The said offense report that was prepared against petitioner was totally false in its allegations and was made with malice on the part of Billy Ray Vice, Arthur Phillips, and Troy Cary." *Id.* ¶ 17. Finally, plaintiff alleged:

> Petitioner has suffered and is entitled to recover reasonable sums for the following items of damage as a direct result of the actions of the defendants, as outlined herein, to-wit
> - a) violation of petitioners rights, privileges and immunities as secured by our Constitution and laws;
> - b) past, present and future emotional distress;
> - c) past, present and future embarrassment;
> - d) past, present and future humiliation;
> - e) past, present and future damage to reputation;
> - f) punitive damages;
> - g) reasonable attorney's fees; and
> - h) Other damages to be proven at the trial of this manner.

*Id.* ¶ 18.

Based on the federal (42 U.S.C. § 1983) claim, Defendant Town of Vinton filed a Notice of Removal on January 25, 2006, and the case was removed by Order of this court on February 3, 2006. Docs. 3, 7. Defendants Town of Vinton, Troy Cary, and Billy Ray Vice filed Answers denying all claims. Defendant Arthur Phillips was voluntarily dismissed by the plaintiff on May 1, 2007.

On May 3, 2007, plaintiff filed a Motion for Partial Summary Judgment seeking that the court find that the jury conviction against Mr. Vice in state criminal proceedings serve as res judicata regarding the determination of extortion in the proceeding before this court. Doc. 33. Plaintiff, in this Motion, again asserted that the Town of Vinton was liable for the act of extortion of Mr. Vice. The Town of Vinton opposed, arguing that the criminal jury conviction was not a final judgment, that Mr. Vice could not be acting "under color of law" as required by 42 U.S.C. § 1983 because the letter was anonymous, and that no evidence supported a finding

that defendant was liable under the doctrine set forth in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).[3] Doc. 64. Mr. Vice set forth a memorandum making the same arguments. Doc. 63.

On August 24, 2007, plaintiff filed a Reply Memorandum. Doc. 66. In the Reply, plaintiff agreed that the evidence was insufficient to hold the Town of Vinton liable under a § 1983 civil rights cause of action. *Id.* at 2. Thus, plaintiff withdrew his motion for partial summary judgment on this issue, reserving the right to re-urge the motion after conducting further discovery. *Id.*

The Town of Vinton filed for a Motion for Judgment on the Pleadings and for Summary Judgment on September 14, 2007. Doc. 72. Mr. Cary joined this Motion, and Mr. Vice filed a separate Motion. Doc. 75. Defendants argued that all federal claims against all defendants should be dismissed. *Id.* Defendants did not address any state law claim, apparently perceiving that no state law claim was pled by plaintiff. *Id.*

Plaintiff responded by admitting, "Defendants correctly argue that [plaintiff] presents no valid claim pursuant to 42 U.S.C. § 1983." Doc. 77, at 9. Plaintiff argued, however, that he had valid claims for defamation, intentional infliction of emotional distress, and extortion. *Id.* at 9-13. In a Reply Memorandum, defendants requested that this court dismiss plaintiff's federal claims, but continue to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss those claims. Doc. 90.

The court issued a Memorandum Ruling on October 16, 2007. Doc. 102. Based on plaintiff's admission that no federal claim existed, the court determined that the only issue before

---

[3] According to this doctrine, a court must find that a municipality caused the deprivation of plaintiff's constitutional rights as a result of an identifiable municipal policy, custom, or direction. *Monell*, 436 U.S. at 690-91.

it was whether to exercise supplemental jurisdiction over plaintiff's state law claims. *Id.* at 1. The court declined to do so and dismissed plaintiff's federal claims with prejudice while remanding plaintiff's remaining claims for state court consideration. *Id.* at 5.

Shortly following the court's Ruling, defendants filed the Motion for Attorney's Fees and Costs presently before the court.

*Law and Analysis*

I.

In a case in which a plaintiff alleges a violation of his or her civil rights under 42 U.S.C. § 1983, specific statutory authority is provided pursuant to 42 U.S.C. § 1988 by which the court may award attorney's fees to a prevailing party. Under § 1988, the court may "in its discretion" allow the prevailing party "a reasonable attorney's fee as part of the costs" for proceedings involving vindication of a civil rights claim. Before the court may do so, however, it must determine: 1) whether the movant for attorney's fees is a plaintiff or defendant; 2) whether the movant is a prevailing party; and 3) whether the movant is entitled to an award. *Dean v. Riser*, 240 F.3d 505, 508 (2001).

A.

This court notes that the persons moving for attorney's fees in this case are the defendants. Further, the court finds that defendants are the "prevailing parties" with regard to plaintiff's allegation that his civil rights under 42 U.S.C. § 1983 were violated. According to *Dean*, a defendant may be considered a "prevailing party" although a plaintiff voluntarily dismisses a civil rights claim with prejudice before the court ruled on or adjudicated the merits of the plaintiff's claim. 240 F.3d at 508-12. "[T]he court must determine that the plaintiff's case was voluntarily dismissed to avoid judgment on the merits." *Id.* at 511.

It is apparent that plaintiff took such action in this case. According to the Record, defendants argued that a § 1983 claim could not be maintained in a letter dated August 21, 2006, in response to plaintiff's Motion for Partial Summary Judgment, and in their Motion for Judgment on the Pleadings and for Summary Judgment. Doc. 107, Exh. A; Doc. 33; Doc. 72. In a Reply to his own Motion for Partial Summary Judgment, plaintiff withdrew his request for judgment on the § 1983 claim, apparently conceding that the evidence did not support it. Doc. 66, at 2.

Plaintiff had the opportunity to voluntarily dismiss his federal claims at the time he withdrew his own request for judgment. One year and eight months elapsed between the time his complaint was filed and the time defendants moved for summary judgment. Addressing plaintiffs claim that discovery issues impaired his determination of whether he had a viable 42 U.S.C. § 1983 case, the court notes that plaintiff sought no assistance from the court on those issues. The foregoing considered, the court finds that plaintiff voluntarily dismissed his § 1983 claim to "avoid judgment on the merits." *Dean*, 230 F.3d at 511.

B.

Although a defendant is a prevailing party, an award of attorney's fees under 42 U.S.C. § 1988 is inappropriate unless it can further be shown that the defendant is entitled to the award. Whether defendant is entitled to attorney's fees is a matter within the court's discretion. *Id.* at 507; 42 U.S.C. § 1988. A defendant is not entitled to an award of attorney's fees unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit. *Dean*, 230 F.3d at 508. The appeal court has considered three factors in making this determination: 1) whether the plaintiff established a prima facie case; 2) whether the defendant offered to settle; and 3) whether the district court dismissed the case without a trial.

*Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000); *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999).

In the instant case, the Record establishes that the plaintiff failed to make out a *prima facie* case. Additionally, defendants did not offer to settle despite numerous offers in this regard on the part of plaintiff. Although plaintiff argues in his response to defendants' Motion for Attorney's Fees that defendants offered to settle, this court finds no evidence supporting the plaintiff's assertion. Instead, the Record, including plaintiff's own evidence on the matter, shows only that plaintiff sought to settle this matter prior to any judgment by the court. Doc. 107, Exhs. A, B, C; Doc. 111, Exhs. 34, 35, 36. Finally, the court notes that plaintiff's allegations regarding a federal civil rights violation were dismissed without a trial. Based on all these considerations, the court concludes that defendant is entitled to an award of attorney's fees under 42 U.S.C. § 1988.

II.

As a secondary matter, the court must determine the amount and the calculation of reasonable attorney's fees. The court makes this determination by a two-step process. "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *Louisiana Power and Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995); *see Giles v. General Elec. Co.*, 245 F.3d 474, 491 (5th Cir. 2001) (noting application by the district court of the lodestar analysis in a claim for attorney's fees under 42 U.S.C. § 1988). "Determinations of hours and rates are questions of fact." *Kellstrom*, 50 F.3d at 324.

A.

As noted, the first step is determining the number of hours reasonably expended on litigation. At this step, the party requesting attorney's fees bears the burden of producing documentation of appropriate hourly rates and the number of hours spent. *Id.* Normally, a party seeking attorney's fees must segregate successful claims from unsuccessful claims; however, where various claims "arose out of the same transaction and were so interrelated that their prosecution or defense entailed proof or denial of essentially the same facts," no segregation is necessarily required. *U.S. for Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919 (5th Cir. 1998). Finally, the amount of attorney's fees awarded may be reduced where records are vague or incomplete. *Kellstrom*, 50 F.3d at 324.

In the instant case, attorneys for the Town of Vinton and Billy Ray Vice produced appropriate documentation reflecting the number of hours spent defending against the claims of plaintiff. According to the documentation, attorney Joseph B. Stamey spent 52.9 hours and attorney J. Mark Miller spent 221 hours defending the Town of Vinton in this case. Additionally, attorney Christopher P. Ieyoub spent 150.6 hours defending Billy Ray Vice in the instant litigation.

Defendants in their request for attorney's fees note that attorney Scott Thomas, representing Troy Cary, is a salaried employee. Defendants request that this court find that Mr. Thomas spent a similar number of hours working on this litigation as did the Town of Vinton. The court notes that the appeal court has granted attorney's fees to salaried employees. *See United States v. Myers*, 363 F.2d 615, 621 (5th Cir. 1966). The court finds, however, that it is unlikely that Mr. Thomas spent a similar number of hours to the two attorneys representing the Town of Vinton on this litigation. The court notes that the Mr. Thomas rarely filed any

document into the record separate from that submitted by the attorneys for the Town of Vinton. Further, the court notes a complete lack of evidence submitted by Mr. Thomas upon which it might reasonably determine the amount of time spent on the litigation or what a reasonable fee for Mr. Thomas's time might be. For these reasons, the court finds that defendants have not met their burden in showing that they are entitled to attorney's fees for the work of Mr. Thomas. The court will not award attorney's fees to defendant's for the representation of Troy Cary by Mr. Thomas.

B.

The court must next determine the hourly rate at which to award defendants attorney's fees. Here, attorneys Joseph B. Stamey and J. Mark Miller billed the Town of Vinton at $120.00 per hour. Attorney Christopher P. Ieyoub billed Billy Ray Vice at the rate of $105.00 per hour. Defendants request, however, that this court award $150.00 per hour. Defendant's argue that this rate is customary for this type of work within the region.

In considering the proper rate, the court is mindful that it should seek to avoid providing windfalls to attorneys. *Kellstrom*, 50 F.3d at 328. When the requested rate of compensation exceeds the attorney's usual charge, the court must determine whether the requested rate is reasonable. *Id.* Additionally, the court notes that attorney's fees are not always merely compensatory in nature. *Alizadeh v. Safeway Stores, Inc.,* 910 F.2d 234, 238 n. 6 (5th Cir. 1990). Indeed, it has been observed that the policy goal behind awarding attorney's fees to defendants under 42 U.S.C. § 1988 is the protection of defendants from burdensome litigation with no legal or factual basis. *Dean*, 240 F.3d 505, 508. This court finds, however, that the billed rate of $120.00 per hour for the representation of the Town of Vinton and $105.00 per hour for the representation of Billy Ray Vice adequately compensates defendants for the work done, while

avoiding a possible windfall. Additionally, the court notes that the several tens of thousands of dollars resulting from this court's award serves the additional purpose of deterring unwarranted § 1988 claims.

C.

After the court has determined the proper lodestar amount of attorney's fees to be awarded, the court must consider the twelve factors enunciated in the case *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). Based on these twelve factors, the court may adjust the lodestar amount up or down. The factors for consideration are:

1) the time and labor required for the litigation;
2) the novelty and complication of the issues;
3) the skill required to properly litigate the issues;
4) whether the attorney had to refuse other work to litigate the case;
5) the attorney's customary fee;
6) whether the fee is fixed or contingent;
7) whether the client or case circumstances imposed any time constraints;
8) the amount involved and the results obtained;
9) the experience, reputation, and ability of the attorneys;
10) whether the case was "undesirable;"
11) the type of attorney-client relationship and whether that relationship was long-standing; and
12) awards made in similar cases.

*Id.*

The court finds that the award of lodestar amount of attorney's fees adequately compensates the defendants in consideration of the *Johnson factors*. Of the *Johnson* factors, the court finds that only one could possibly cause it to adjust the amount awarded in this case. Specifically, with regard to consideration number 8, the court notes that defendant has not prevailed regarding plaintiff's state law tort claims. Accordingly, the court considers whether it

should reduce the amount of attorney's fees awarded to defendant based on these claims. The court concludes, however, that it should not reduce the lodestar amount.

In his Complaint, plaintiff made certain allegations that could be characterized as state law tort claims, but plaintiff did not make these allegations separate from his § 1983 claim. Doc. 1, ¶ 17, 18. Ultimately he determined that he would move forward on claims for defamation, intentional infliction of emotional distress, and extortion at the same time that he voluntarily dismissed his 42 U.S.C. § 1983 claim. Doc. 77, at 9-13.

The court finds that plaintiff failed to allege state tort law violations in the Complaint such that defendants were adequately noticed that a separate defense as to these claims would need to be prepared at the beginning of the litigation. Furthermore, the Record reflects that, throughout the litigation, the focus of both plaintiff and defendants was plaintiff's § 1983 claim. Finally, the court notes defendant's request for attorney's fees relates only to proceedings before this court. Defendant's do not appear to request attorney's fees related to the defense of the state law claims remanded for decision to the Louisiana state court. In consideration of these points and the *Johnson* factors generally, the court does not adjust the determined lodestar amount.

III.

The final matter before this court is whether to award defendant's costs. "Generally, costs are allowed as a matter of course to the prevailing party in an action." *In re New York Life Ins. Co. Agents' Class Claimants Solicitation Litigation*, 92 F.Supp.2d 564, 573 (E.D. La. 1997) (citing Fed. R. Civ. Proc. 54(d)). The court finds in the instant case that, as to the matters before it throughout this litigation, defendants prevailed. Accordingly, the court finds no reason that it should not award defendants costs associated with the litigation that took place before this court.

Counsel for the Town of Vinton submits costs in the amount of $5,101.03. Doc. 107, at 19-20. Having reviewed the records of these costs, the court finds them reasonable. Doc. 107, Exh. D. Counsel for Mr. Vice submits costs in the amount of $845.19. Doc. 107, at 20. The court finds, however, that the records submitted by Mr. Vice show that he is entitled only to $699.00. Specifically, the court chooses not to make plaintiff pay for defendant's lunch at Roly Poly valued at $76.19. Doc. 107, Exh. Vice-A. Additionally, it appears that defendant asks plaintiff to pay $70.00 for which there is no valid basis. *Id.*

IV.

According to the foregoing considerations, defendants' Motion for Attorney's Fees and Costs is GRANTED IN PART and DENIED IN PART. Specifically, the court awards attorney's fees to Town of Vinton in the amount of $120.00 per hour for 273.9 hours, totalling $32,868.00, and costs to the Town of Vinton in the amount of $5,101.03. The court awards attorneys fees to Billy Ray Vice in the amount of $105.00 per hour for 150.6 hours, totalling $15,813.00, and costs to Billy Ray Vice in the amount of $699.00. The court declines, however, to award attorney's fees related to the representation of Troy Cary.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 21st day of September, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE