UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICKY D. FOX** | : | DOCKET NO. 06-0135 |
| **VS.** | : | MAGISTRATE JUDGE KAY |
| **BILLY RAY VICE, ET AL.** | : | |

### MEMORANDUM RULING

After a finding for the defendants on the issue of attorneys' fees, this case was remanded to this court by the Fifth Circuit Court of Appeals with instructions to "determine the proper amount of attorneys' fees for all appellate work."[1] Doc. 126, p. 2. Pursuant to an order issued by this court on June 2, 2010 [doc. 129], defendants have put forth submissions, including affidavits by counsel with attached invoices, praying for a total of $35,101.90 in attorney's fees related to their appellate work. Docs. 137 and 138. For the reasons stated herein, defendants' submissions for attorney's fees are GRANTED IN PART and DENIED IN PART.

### *Analysis*

Attorney's fees pursuant to a 42 U.S.C. § 1988 action are calculated by "'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Generally, the fee applicant bears the burden of documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983). "Where the

---

[1] Defendant Town of Vinton also puts forth a motion to recoup attorney fees and costs associated with defense against plaintiff's petition for rehearing *en bank*. Doc. 128. Because the Fifth Circuit Court of Appeals instructed this court to "determine the proper amount of attorneys' fees for all appellate work," this court will include these costs in the instant ruling without a separate analysis.

documentation is inadequate, the District Court has discretion to reduce the award accordingly." *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 536 (5th Cir. 1986).

According to the documentation, attorney Joseph B. Stamey spent 8.2 hours and attorney J. Mark Miller spent 140.7 hours in the defense of appeal since November 4, 2008. Doc. 137, att. 1. This includes appellate work performed in response to the petition for rehearing *en banc* filed by plaintiff. *Id.* At a billing rate of $120 per hour November 2009 to March 2009, and $145.00 per hour April 2009 to March 2010,[2] documents show that the fees incurred by Town of Vinton in defense of appeal totaled $20,854.00. *Id.* Additionally, attorney Christopher P. Ieyoub, for defendant Billy Ray Vice, spent 133.4 hours defending on appeal, at a rate of $105 per hour, for a total of $14,247.90. Doc. 138, att. 1. This includes appellate work performed in response to the petition for rehearing *en banc* filed by plaintiff. *Id.*

First plaintiff argues that, because the smallest hourly increment for attorney Ieyoub is .10 hours, attorneys Stamey and Miller's hourly increment of .20 should be "cut in half." Doc. 136, p. 1. Indeed, courts have found large billing increments to be unreasonable when used for brief tasks. *See Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *4 (E.D. La. May 15, 2001) (finding a .25 billing increment for minor tasks unreasonable). However, contrary to plaintiff's assertion, .20 billing increments are not unreasonable *per se*. In *Causeway Medical Suite v. Foster*, No. 99-509, 2000 WL 533515 (E.D. La. May 2, 2000), for example, the court rejected a request to reduce standard billing increments, noting that,

> the Local Rule on attorney's fees awards, LR 54.2, provides no requirement regarding billing increments. Law firms routinely bill in standard increments, most often six minutes (tenths of hours), ten minutes (sixths of hours), or fifteen minutes (quarters of hours). It would be inappropriate judicial micro-management to mandate billing practices by reducing a private firm's properly

---

[2] Because plaintiff does not contend that these rates are unreasonable for appellate work, the court need not address this issue *sua sponte*. From defendant's documentation, this appears to be the attorneys' current rate for appellate work.

>and adequately documented attorney's fees from the standard billing increment employed by the firm.

*Id.* at *3.

As noted above the standard is reasonableness – work shown on the itemization and the hourly compensation rate requested must be "reasonable." *Martin v. Heckler*, 754 F.2d 1262, 1264 (5th Cir. 1985). Courts that have found the use of higher increments unreasonable have only done so where the petitioner has "adduced evidence that the . . . timekeeping is unreasonable of itself or is no longer an accepted practice in the relevant legal market." *Sandoval v. Apfel*, 86 F.Supp.2d 601, 615 (N.D. Tex. 2000); *see also Hagan*, 2001 WL 531119, at *4 (finding that an excessive amount of .25 time entries for very brief tasks "undermine[s] the reasonableness of at least a portion of the billings"). In the absence of such evidence, district courts will not assume that an attorney's billing method is unreasonable. *Jones v. White*, No. 03-2286, 2007 WL 2427976, *4-5 (S.D. Tex. Aug 22, 2007).

Here the claimed fees and expenses are supported by a detailed contemporary itemization, broken down by .20 increments, of the work performed. Defendants' method of billing in .20 increments was sanctioned by the Fifth Circuit Court of Appeals, and has not changed since. *See* doc. 127, p. 2 (affirming the judgment of the district court "in all respects"). This court finds the work shown on the itemization to be reasonable.

Second plaintiffs contend, without citing to specific time entries or legal authority, that fees pertaining to client communication should be excluded. Doc. 136, pp. 1-2. The reasons for the plaintiff's objections are not clear and plaintiff makes no attempt to substantiate this argument. Thus, in absence of evidence otherwise, this court concludes that a fair amount of discussion among the attorneys and their clients was reasonable for an appeal of this complexity,

and none of the time entries pertaining to client communication appears unreasonable. *See Hensley*, 461 U.S. at 433-34.

Third plaintiff argues that defendants' "fee request contains numerous redactions in the description of the work done, making it impossible to determine whether the requested fee is warranted." Doc. 136, p. 2. To be sure, courts have reduced attorney's fees where affidavits contain "numerous omissions which make it difficult if not impossible to sufficiently evaluate the services and fees charged." *Vitug v. Multistate Tax Com'n*, 883 F.Supp. 215, 223 (N.D. Ill. 1995); *see also Cambridge Electronics Corp. v. MGA Electronics, Inc.*, No. 02-8636, 2005 WL 927179, *6 (C.D. Cal. Jan. 18, 2005) (court deducted fees where the description of services performed had been redacted and not even a general subject matter for the charges was identified). This is not the case, however, where, as here, client names and names of documents are redacted while the general subject matter of the time expenditures can be inferred.[3] *See Hensley*, 461 U.S. at 437 (attorneys need not itemize the time spent on each task, but "at least counsel should identify the general subject matter of his time expenditures"). In the alternative, plaintiff requests that this court strike those entries that it deems vague. Generally, courts should "not parse through the time entries and 'engag[e] in the pick and shovel work necessary to make a more precise determination' of reasonableness of the requested fees." *BCJJ, LLC v. Lefevre*, No. 09-551-T-17EAJ, 2010 WL 1433403, *6 (M.D. Fla. Mar. 8, 2010) (quoting *Kenny A. ex rel.*

---

[3] Some of the redacted entries are as follows:
    01/15/2010 JMM Received call from \_\_\_\_ re: status; reviewed 5th Circuit Court of Appeal record regarding status .20 29.00
. . .
    01/20/2010 JMM Reviewed federal 5th Circuit record regarding judgment; . . . call to \_\_\_ regarding appellate opinion; correspondence to \_\_\_ as regarding appellate opinion; letter to \_\_\_ regarding opinion .40 58.00
. . .
    Research – review of \_\_\_ awarding attorney fees for appellate work on Section 1988 claim .50 72.50
Doc 128, att. 1, pp. 5-6. Attorney Ieyoub's invoices seem only to have redacted half of the billing numbers, having no effect on this issue. *See* doc. 138, att. 1.

*Winn v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008)); *see also Hensley*, 461 U.S. at 437 ("A request for attorney's fees should not result in a second major litigation."). Accordingly, this court will not engage in such an inquiry here. After an initial review, the court finds that the majority of listed items are reasonable and appropriate.

Finally plaintiff argues that "time billed for legal matters extraneous to the appeal should be stricken." Doc. 136, p. 2. In remanding this issue, the Fifth Circuit Court of Appeals instructed this court to determine the proper amount of "fees associated with [defendants'] appellate work." Doc. 126, p. 2. But that does not necessarily mean a detailed investigation into every time entry submitted. *See Roubideaux v. Cox*, 601 F.Supp. 174, 176 (D.S.D. 1985) (observing that "detailed objections to each time entry of plaintiff's counsel . . . is nothing more than carping").

In order to avoid an unnecessary waste of judicial resources, on June 2, 2010, this court issued an order requiring plaintiffs "to file a written objection . . . setting forth in that objection specific references to specific items he deems objectionable . . . ." Doc. 129. In reply plaintiff made one specific allegation of fees not associated with the defendants' appellate work: a .30 entry on February 13, 2009, reviewing the appellate opinion of Billy Ray Vice's criminal conviction. Doc. 136, p. 2. Plaintiff also makes the following general allegations of fees not associated with defendants' appeal: correspondence to Vice's individual attorney; review of correspondence from attorney for Troy Carr regarding the answer to first supplemental and amending petition; and review of the first supplemental and amending answer by Troy Cary. Doc. 136, p. 2. These general allegations, however, do not reference any specific instance of application.

Although plaintiff's concerns over legal matters extraneous to this appeal are legitimate, in only one instance does plaintiff comply with this court's order to make "specific references to specific items he deems objectionable . . . ." Doc. 129.  It is the job of the plaintiff, not of this court, to search through the defendants' voluminous accountings in search of time entries that may have something to do with an outside matter.  *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) ("Where fee documentation is voluminous . . . an hour-by-hour review is simply impractical and a waste of judicial resources."); *ABC Charters, Inc. v. Bronson*, No. 08-21865, slip op. at 3, 2010 WL 1332715 (S.D. Fla. Mar. 16, 2010) (citing *Hagen*, 2001 WL 531119, at *4-5) (noting that "a line by line review of . . . voluminous time records [is] futile").

Because this court finds that the .30 entry on February 13, 2009, reviewing the appellate opinion of Billy Ray Vice's criminal conviction, is indeed outside of the scope of this appeal, that entry will be stricken, and attorney Miller's award will be reduced by $36.00.  This reduction results in a total of $20,818.00 to attorneys Stamey and Miller for defendant Town of Vinton.

## *Conclusion*

Foregoing considered, defendants' motion for attorney's fees is GRANTED IN PART and DENIED IN PART.  The court awards attorneys fees to Town of Vinton in the amount of $20,818.00.  The court also awards attorneys fees to Billy Ray Vice in the amount of $14,247.90.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, September 13, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE